**W. R. GRACE & CO.**

v.

**Ralph L. KAIL, Individually and Doing Business as Ranch Brand, Inc.**

**No. IP 71-C-680.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Jan. 11, 1972.

Alan W. Boyd, of Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for plaintiff; John O. Tramontine, of Fish & Neave, New York City, of counsel.

Arthur J. Sullivan, and David F. McNamar, of Steers, Klee, Sullivan & LeMay, Indianapolis, Ind., for defendant.

## MEMORANDUM OPINION

NOLAND, District Judge.

This cause came on to be heard on plaintiff's motion for a preliminary injunction; the Court sets forth the following memorandum opinion in compliance with Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff, W. R. Grace & Co., is a Connecticut corporation and has its principal place of business in New York, New York. Defendant, Ralph L. Kail, is a citizen and resident of the Southern District of Indiana and has done business as Ranch Brand, Inc., a corporation of Indiana which is currently in bankruptcy proceedings. The amount in controversy exceeds the sum of $10,000, exclusive of costs and interest.

In Count I of its complaint, plaintiff seeks a judgment (1) declaring that it is entitled to the legal ownership of title to United States Patent No. 3,523,798 issued to defendant on August 11, 1970, and (2) directing defendant by injunction to convey title to that patent to Grace. By its motion for preliminary injunction, plaintiff seeks to enjoin defendant from conveying title to that patent or any interest under that patent to others and to enjoin defendant from dedicating to the public, disclaiming or otherwise impairing the property value of that patent or any claim of that patent, until this Court has entered final judgment on Count I of plaintiff's complaint.

It is undisputed that defendant, by virtue of his employment contract with plaintiff as assignee, was manager of Blue River Feed Mills, that he was employed by plaintiff from October 1964 to February 28, 1967, and that by the terms of his contract defendant agreed to devote all of his time and efforts to the performance of his duties as an executive of the company. In plaintiff's development of a liquid feed supplement, defendant was an important member of the company committee which accepted the responsibility of producing a marketable product. Plaintiff has well documented the interchange of product ideas; all of this joint activity within the corporation led to a formula which is substantially similar to the formula and process on which defendant received a patent. An impressive number of documents support this conclusion. Defendant did have the trust and confidence of other employees and of management in this area.

In the development of a liquid feed supplement formula, various discussions were held on the matter of getting a use patent on the process. A few weeks before defendant left the employ of plaintiff, certain information received from defendant was sent to a patent attorney employed by the corporation for the purpose of determining if the product and method had any patentable features. Within a matter of weeks following his resignation, defendant consulted with a patent attorney. Application for a patent was filed in September 1967, and was granted in August 1970, as patent No. 3,523,798. Not until the patent was granted did defendant inform plaintiff of his activity. Subsequent to acceptance, defendant notified plaintiff that they were in violation of his patent; therein lies the beginning of this controversy. Plaintiff is currently marketing a similar liquid feed supplement made up of water, urea, a water-soluble phosphorous compound, molasses, and calcium chloride in its liquid feed operation. Defendant meanwhile has been negotiating with three different companies to license the use of the patent.

On the basis of the foregoing, the Court concludes:

1. The Court has jurisdiction over the parties and the subject matter herein under 28 U.S.C. § 1332 and that this

cause is properly presented under the provisions of 28 U.S.C. § 2201 and § 2202.

2. Upon a trial of the merits it appears that plaintiff has a reasonable likelihood of success in prevailing against defendant on Count I of its complaint.

3. Licensing of, transfer of, or dedication to the public of the patent would work an irreparable injury to plaintiff.

4. Preliminary injunction here will preserve the status quo and work the least harm against both parties.

Therefore, the Court GRANTS plaintiff's motion for Preliminary Injunction against defendant and conditions issuance of same on the approval by this Court of security to be furnished by plaintiff in the sum of $50,000.

### PRELIMINARY INJUNCTION

For the reasons stated in the accompanying memorandum opinion, this Court orders:

That defendant Ralph L. Kail is hereby enjoined from conveying title to United States Patent No. 3,523,798 or any interest under that patent to any person, firm, corporation, or other entity and from dedicating to the public, disclaiming or otherwise impairing the property value of that patent, until this Court has entered final judgment in this cause.

That defendant Kail is further enjoined from entering into any negotiations or taking any action in an attempt to accomplish any of the foregoing activities.

That plaintiff W. R. Grace & Co., provide security in the sum of $50,000.00.

That defendant Kail's Motions to Dissolve Temporary Restraining Order and to Deny Preliminary Injunction are DENIED.

· IT IS ORDERED that said rulings be entered accordingly.